FILED:BANKRUPTCY:NJ
2026 JUL 30 PM3:48:53

**AVRUMI LUBIN**
1460 Arboretum Parkway
Lakewood, New Jersey 08701
Telephone: (718) 570-3796
E-mail: josh@tetonfunding.com
Debtor-in-Possession and Defendant, Pro Se

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**
Caption in compliance with D.N.J. LBR 9004-1(b)

**In re:**
**AVRUMI LUBIN,**
Debtor.

**Case No. 26-17342 (EJO)**
Chapter 11
Hon. Eamonn J. O'Hagan

**FVP INVESTMENTS, LLC, FVP OPPORTUNITY FUND III, LP, and FVP SERVICING, LLC,**
Plaintiffs,
v.
**AVRUMI LUBIN,**
Defendant.

**Adv. Pro. No. 26-01315 (EJO)**
Hearing Date: August 20, 2026 at 10:00 a.m.

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO EXTEND TIME TO RESPOND AND FOR CONDITIONAL ADJOURNMENT OF THE PRETRIAL CONFERENCE

1. Under Federal Rule of Bankruptcy Procedure 7012(a) and the summons issued July 6, 2026, Defendant's time to move or answer runs to August 5, 2026. Under Rule 9006(b)(1), when a request to extend is made before the original period expires, the Court may extend the time for cause shown; the stricter excusable-neglect standard applies only to requests made after a deadline has passed. This Motion is filed and served before the deadline, so the ordinary cause standard governs, and the Court retains authority to grant the Motion even if it rules after August 5.

2. In addition, under D.N.J. LBR 9013-6(a), the timely filing of this Motion automatically extends Defendant's response deadline until the Court rules on the Motion, without the necessity of a bridge order. If the Motion is denied, D.N.J. LBR 9013-6(b) fixes the time within which the response must then be filed.

3. Cause exists. Defendant is a self-represented individual Chapter 11 debtor five weeks into the case, simultaneously addressing Plaintiffs' stay-relief motion set for hearing August 6, 2026 (Main Case Dkt. 33), the meeting of creditors on July 31, 2026, the sworn declaration due August 27, 2026 under Main Case Dkt. 55, the September 3, 2026 hearing on Main Case Dkt. 13, and a second adversary proceeding commenced July 22, 2026. His sworn counsel-search efforts are of record at Main Case Dkt. 44-3 ¶ 14 and continue. A first, pre-deadline request in these circumstances is exactly what the cause standard contemplates: a response to a complaint under 11 U.S.C. § 523(a) warrants care, and care requires counsel or adequate time.

4. No prejudice results. The proceeding is at its earliest stage; no answer deadline other than the summons date exists; no discovery has begun; Plaintiffs' claims and every element of their case are fully preserved. Defendant conferred before filing: Plaintiffs' counsel declined consent in writing on July 18, 2026. (Certification, Ex. A.)

5. The requested date — September 21, 2026 — is a first extension of forty-five days measured from August 5, 2026, adjusted under Rule 9006(a) because the forty-fifth day falls on a Saturday. It accounts for the concentrated August obligations described in the Certification and the continuing counsel search. If the Court concludes that September 21, 2026 is longer than necessary, Defendant alternatively requests such shorter

extension as the Court deems just, without prejudice to a timely request for further relief if circumstances warrant.

6. If the Court extends the response deadline to a date on or after September 10, 2026, Defendant respectfully requests that the September 10, 2026 pretrial conference be adjourned to a date selected by the Court after the response is due. If the Court sets a response deadline before September 10, 2026, the conference may remain as scheduled.

7. All of Defendant's defenses, objections, and responses to the Complaint, including under Rule 12, are expressly reserved. Nothing in the requested relief addresses the merits.

For these reasons, Defendant respectfully requests entry of the proposed Order.

Dated: July 30, 2026

________________________________

AVRUMI LUBIN
Debtor-in-Possession and Defendant, Pro Se