Avrumi Lubin, Defendant, Pro Se
1460 Arboretum Parkway
Lakewood, New Jersey 08701
Telephone: (718) 570-3796
Email: josh@tetonfunding.com

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>AVRUMI LUBIN a/k/a Josh Lubin,<br><br>Debtor. | Chapter 11<br><br>Case No. 26-17342-EJO<br><br>Hon. Eamonn J. O'Hagan |
| FVP SERVICING, LLC,<br>FVP OPPORTUNITY FUND III, LP, and<br>FVP INVESTMENTS LLC,<br><br>Plaintiffs,<br><br>v.<br><br>AVRUMI LUBIN,<br><br>Defendant. | Adv. Pro. No. 26-01315-EJO<br><br>Pretrial Conference:<br>December 3, 2026, 10:00 a.m. |

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO THE COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT

Defendant Avrumi Lubin ("Defendant"), appearing pro se, answers the Complaint of Plaintiffs FVP Servicing, LLC, FVP Opportunity Fund III, LP and FVP Investments LLC (together, "FVP") as follows. Each numbered paragraph below responds to the paragraph of the Complaint with the same number. Any allegation not expressly admitted is denied.

## NATURE OF THE ACTION

1. Defendant admits that the Complaint purports to bring an adversary proceeding under Fed. R. Bankr. P. 7001(6) seeking a determination under 11 U.S.C. § 523(a)(2)(A) and § 523(a)(6). Defendant denies that any debt owed to FVP is excepted from discharge. Defendant admits that a jury returned a verdict in FVP's favor on three counts in the Florida action identified in paragraph 6 and that a judgment was

entered on that verdict; the verdict form and the judgment speak for themselves, and Defendant denies FVP's characterization of them.

**PARTIES, JURISDICTION, AND VENUE**

2. Defendant admits that FVP asserts claims against him as a judgment creditor and is a party in interest in the Chapter 11 case. Defendant denies that any claim of FVP has been allowed in any particular amount.

3. Defendant admits that he is the debtor in the above-captioned Chapter 11 case and that his address of record is 1460 Arboretum Parkway, Lakewood, New Jersey 08701, as stated on his petition.

4. Defendant admits that this Court has jurisdiction under 28 U.S.C. §§ 157 and 1334, that this proceeding is core under 28 U.S.C. § 157(b)(2)(I), and that venue is proper under 28 U.S.C. § 1409. Pursuant to Fed. R. Bankr. P. 7012(b), Defendant consents to the entry of final orders and judgment by the Bankruptcy Court.

5. Defendant admits that the Complaint was filed on July 2, 2026, within the time allowed by Fed. R. Bankr. P. 4007(c). Paragraph 5 also contains a bracketed drafting note ("[Confirm § 341 date and conform.]"), to which no response is required.

**FACTUAL ALLEGATIONS**

6. Defendant admits that he and FVP were parties to the action in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, Case No. CACE-22-005125, which has been captioned in more than one way (the "Florida Action"). Defendant denies any remaining allegation of paragraph 6.

7. Defendant admits that FVP's operative pleading in the Florida Action (the Fourth Amended Complaint) asserted, among other claims, a count styled fraudulent misrepresentation against him, and that the jury trial of the claims against him began on September 24, 2025. The pleading speaks for itself. Defendant denies any further characterization.

Avrumi Lubin, Defendant, Pro Se
1460 Arboretum Parkway
Lakewood, New Jersey 08701
Telephone: (718) 570-3796
Email: josh@tetonfunding.com

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>AVRUMI LUBIN a/k/a Josh Lubin,<br><br>Debtor. | Chapter 11<br><br>Case No. 26-17342-EJO<br><br>Hon. Eamonn J. O'Hagan |
| FVP SERVICING, LLC,<br>FVP OPPORTUNITY FUND III, LP, and<br>FVP INVESTMENTS LLC,<br><br>Plaintiffs,<br><br>v.<br><br>AVRUMI LUBIN,<br><br>Defendant. | Adv. Pro. No. 26-01315-EJO<br><br>Pretrial Conference:<br>December 3, 2026, 10:00 a.m. |

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO THE COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT

Defendant Avrumi Lubin ("Defendant"), appearing pro se, answers the Complaint of Plaintiffs FVP Servicing, LLC, FVP Opportunity Fund III, LP and FVP Investments LLC (together, "FVP") as follows. Each numbered paragraph below responds to the paragraph of the Complaint with the same number. Any allegation not expressly admitted is denied.

## NATURE OF THE ACTION

1. Defendant admits that the Complaint purports to bring an adversary proceeding under Fed. R. Bankr. P. 7001(6) seeking a determination under 11 U.S.C. § 523(a)(2)(A) and § 523(a)(6). Defendant denies that any debt owed to FVP is excepted from discharge. Defendant admits that a jury returned a verdict in FVP's favor on three counts in the Florida action identified in paragraph 6 and that a judgment was

entered on that verdict; the verdict form and the judgment speak for themselves, and Defendant denies FVP's characterization of them.

**PARTIES, JURISDICTION, AND VENUE**

2. Defendant admits that FVP asserts claims against him as a judgment creditor and is a party in interest in the Chapter 11 case. Defendant denies that any claim of FVP has been allowed in any particular amount.

3. Defendant admits that he is the debtor in the above-captioned Chapter 11 case and that his address of record is 1460 Arboretum Parkway, Lakewood, New Jersey 08701, as stated on his petition.

4. Defendant admits that this Court has jurisdiction under 28 U.S.C. §§ 157 and 1334, that this proceeding is core under 28 U.S.C. § 157(b)(2)(I), and that venue is proper under 28 U.S.C. § 1409. Pursuant to Fed. R. Bankr. P. 7012(b), Defendant consents to the entry of final orders and judgment by the Bankruptcy Court.

5. Defendant admits that the Complaint was filed on July 2, 2026, within the time allowed by Fed. R. Bankr. P. 4007(c). Paragraph 5 also contains a bracketed drafting note ("[Confirm § 341 date and conform.]"), to which no response is required.

**FACTUAL ALLEGATIONS**

6. Defendant admits that he and FVP were parties to the action in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, Case No. CACE-22-005125, which has been captioned in more than one way (the "Florida Action"). Defendant denies any remaining allegation of paragraph 6.

7. Defendant admits that FVP's operative pleading in the Florida Action (the Fourth Amended Complaint) asserted, among other claims, a count styled fraudulent misrepresentation against him, and that the jury trial of the claims against him began on September 24, 2025. The pleading speaks for itself. Defendant denies any further characterization.

8. Defendant admits that on October 1, 2025 the jury returned a verdict in FVP's favor on Count I (fraudulent misrepresentation), Count II (conspiracy to commit fraud), and Count IV (tortious interference with business relationship) of the Fourth Amended Complaint, as reflected in the verdict form, which speaks for itself. Defendant denies any characterization beyond the verdict form.

9. Paragraph 9 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies it. Defendant specifically denies that the jury necessarily determined that FVP justifiably relied on any statement by Defendant, and denies that the verdict necessarily determined each element required by 11 U.S.C. § 523(a)(2)(A).

10. Defendant admits that on October 3, 2025 the Florida court entered a Final Judgment on Jury Verdict in favor of FVP and against Defendant stating, as to Count I (fraudulent misrepresentation), a principal amount of $7,500,000.00 plus "wrongful act damages" of $1,341,219.72, for a total of $8,841,219.72; the same amounts as to Count II (conspiracy to commit fraud); a principal amount of $7,500,000.00 as to Count IV (tortious interference with business relationship); and, in paragraph 14, that FVP "may obtain only one recovery in the total amount of . . . ($8,841,219.72), and there shall be no double recovery." The Final Judgment provides for post-judgment interest under Fla. Stat. § 55.03(3) and otherwise speaks for itself. Defendant denies that the "Judgment Debt" exceeds $8.84 million as an amount now owed: FVP's own proof of claim in this Chapter 11 case (Claim No. 5) asserts $5,971,306.34, and FVP has reported credits against the judgment (Main Case Dkt. 52-1). Defendant denies that the Final Judgment is final in the sense of having exhausted review: it is the subject of a pending appeal to the Florida Fourth District Court of Appeal (No. 4D2025-3564) and of a pending motion under Fla. R. Civ. P. 1.540 filed February 16, 2026; this Court has held that the automatic stay applies to Defendant's Florida appeals (Main Case Dkt. 80), and FVP has moved to modify that stay so the appeals may proceed (Main Case Dkt. 33).

11. Denied.

### COUNT I — NON-DISCHARGEABILITY UNDER 11 U.S.C. § 523(a)(2)(A)

12. Defendant repeats his responses to paragraphs 1 through 11.

13. Paragraph 13 states legal conclusions to which no response is required. To the extent a response is required, Defendant denies that the Judgment Debt is a debt for money or property obtained by false pretenses, a false representation, or actual fraud.

14. Denied. Defendant specifically denies that New Jersey issue-preclusion law governs; the preclusive effect of a Florida judgment is determined under Florida law (28 U.S.C. § 1738). Defendant denies that the verdict and Final Judgment establish each element of 11 U.S.C. § 523(a)(2)(A), including justifiable reliance and the amount of any debt obtained by fraud, and denies that the Florida requirements for collateral estoppel are satisfied.

15. Denied.

### COUNT II — NON-DISCHARGEABILITY UNDER 11 U.S.C. § 523(a)(6)

16. Defendant repeats his responses to paragraphs 1 through 15.

17. Denied. Defendant specifically denies that the jury found, or was asked to find, that Defendant intended to injure FVP or acted with substantial certainty that injury would result. Paragraph 17 pleads Count II only "[t]o the extent" the alleged fraud caused willful and malicious injury and identifies no such finding.

### RESPONSE TO THE PRAYER FOR RELIEF

Defendant denies that FVP is entitled to any of the relief requested in the "WHEREFORE" clause of the Complaint, including a determination of non-dischargeability, costs, or attorneys' fees.

### AFFIRMATIVE DEFENSES

Without assuming any burden of proof that the law places on FVP, Defendant asserts the following defenses. Defendant reserves the right to amend or supplement these defenses as

discovery, the pending Florida appeal, the pending Rule 1.540 motion, and the post-trial findings in Mehdipour v. Hi Bar Capital, LLC, et al., Adv. No. 23-01132-EPK (Bankr. S.D. Fla.) may warrant.

**First Defense (Florida preclusion law; elements not met).** The preclusive effect of the Florida verdict and judgment is governed by Florida law under 28 U.S.C. § 1738, not by New Jersey law as the Complaint asserts. Under Florida law, collateral estoppel requires, among other things, that the identical issue was actually litigated and was critical and necessary to the judgment. The Florida verdict did not actually and necessarily decide each element of 11 U.S.C. § 523(a)(2)(A) or § 523(a)(6).

**Second Defense (justifiable reliance not decided).** Section 523(a)(2)(A) requires proof that the creditor justifiably relied on a false representation. Under Florida law, justifiable reliance is not an element of fraudulent misrepresentation, and the jury was not required to find it. The Florida verdict therefore does not establish justifiable reliance, and FVP must prove that element in this proceeding.

**Third Defense (money or property "obtained by" the alleged fraud; amount).** Section 523(a)(2)(A) excepts from discharge only a debt for money, property, services, or credit "to the extent obtained by" the fraud. FVP must prove what money or property, if any, was obtained by the specific misrepresentation the jury found, and the amount of the resulting debt. The Final Judgment's $7,500,000.00 principal figure was entered on each of three counts, two of which (conspiracy to commit fraud and tortious interference) are not counts for fraudulent misrepresentation; it adds $1,341,219.72 in "wrongful act damages" on Counts I and II; and it does not determine what portion of the judgment arises from the misrepresentation the jury found rather than from the other counts.

**Fourth Defense (no finding of willful and malicious injury).** Section 523(a)(6) requires a deliberate or intentional injury, not merely a deliberate act that leads to injury. FVP has not identified, and on information and belief the verdict form does not contain, any finding that Defendant intended to injure FVP or acted with substantial certainty that injury would result; verdicts on conspiracy to commit fraud and tortious interference do not necessarily include such a finding. Count II fails as a matter of preclusion and, on the merits, is denied.

**Fifth Defense (judgment under appellate review; abeyance).** The Final Judgment is the subject of a pending appeal (Fla. 4th DCA No. 4D2025-3564) and a pending motion under Fla. R. Civ. P. 1.540 filed February 16, 2026. This Court has held that the automatic stay applies to Defendant's Florida appeals (Main Case Dkt. 80), and FVP itself has moved to modify that stay so the appeals may proceed (Main Case Dkt. 33). If the judgment is reversed or vacated, the sole basis pleaded for Counts I and II will no longer exist. Defendant requests that this proceeding be held in abeyance, or that discovery and dispositive motions be phased, pending the Florida appellate decision, with periodic status reports, and reserves his rights under Fed. R. Civ. P. 60(b)(5), made applicable by Fed. R. Bankr. P. 9024.

**Sixth Defense (payment, satisfaction, setoff, recoupment and credit; one recovery).** The Final Judgment itself provides (¶ 14) that FVP "may obtain only one recovery in the total amount of . . . ($8,841,219.72), and there shall be no double recovery." Any amount determined to be nondischargeable must be reduced by all amounts FVP has received, recovered, or set off on account of the same loss, including the credits FVP itself has reported in this Chapter 11 case (Main Case Dkt. 52-1), funds disbursed to FVP or its counsel from court registries or bankruptcy estates, the value of collateral and vehicles that FVP or anyone acting for it received, and recoveries from co-defendants. FVP's own proof of claim in this Chapter 11 case (Claim No. 5) asserts $5,971,306.34, not $8.84 million.

**Seventh Defense (estoppel; inconsistent positions).** FVP is barred, in whole or in part, by the doctrines of judicial estoppel, equitable estoppel and waiver from asserting positions in this proceeding that are inconsistent with the positions it took in the Florida Action and in the Excell bankruptcy proceedings concerning the same transactions, the Hi Bar Capital, LLC security interest, and the relationship among Defendant, Spin Capital, LLC and Hi Bar Capital, LLC.

**Eighth Defense (attorneys' fees and costs).** FVP has identified no statutory or contractual basis for an award of attorneys' fees in this proceeding, and none exists.

**Ninth Defense (reservation).** Defendant reserves all defenses available under Fed. R. Civ. P. 8(c) and 12(b), made applicable by Fed. R. Bankr. P. 7008 and 7012, that may become apparent through discovery, the Florida appellate proceedings, or the findings in Adv. No. 23-01132-EPK, and the right to seek leave to amend this Answer, including to assert any counterclaim.

## STATEMENT REGARDING CONSENT

Pursuant to Fed. R. Bankr. P. 7012(b), Defendant consents to the entry of final orders and judgment by the Bankruptcy Court in this adversary proceeding.

**WHEREFORE**, Defendant respectfully requests that the Court (a) enter judgment in his favor on Counts I and II of the Complaint, determining that the debt is not excepted from discharge under 11 U.S.C. § 523(a)(2)(A) or § 523(a)(6); (b) alternatively, hold this proceeding in abeyance pending the Florida appellate decision in No. 4D2025-3564, with periodic status reports; (c) deny FVP's request for costs and attorneys' fees; and (d) grant such other relief as is just.

Dated: October 29, 2026
Lakewood, New Jersey

Avrumi Lubin, Defendant, Pro Se
1460 Arboretum Parkway
Lakewood, New Jersey 08701
(718) 570-3796
josh@tetonfunding.com