Avrumi Lubin, Defendant, pro se
605 West 42nd Street
New York, New York 10036
(718) 570-3796 | josh@tetonfunding.com

FILED BANKRUPTCY NJ 2026 NOV 9 PM 4:13:03

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: AVRUMI LUBIN a/k/a Josh Lubin,<br>Debtor. | Case No. 26-17342-EJO<br>Chapter 11 |
| FVP SERVICING, LLC, FVP OPPORTUNITY FUND III, LP, and FVP INVESTMENTS LLC<br>Plaintiffs,<br>v.<br>AVRUMI LUBIN, Defendant. | Adv. No. 26-01315-EJO<br>Hon. Eamonn J. O'Hagan<br>Hearing: December 3, 2026<br>10:00 a.m. |

# MEMORANDUM IN SUPPORT OF LIMITED EXTENSION

## 1. The request concerns amendment, not the initial answer.

The Answer was filed and served on October 29, 2026 (ECF Nos. 14, 14-1). Under Civil Rule 15(a)(1)(A), incorporated by Bankruptcy Rule 7015, the unused 21-day amendment period runs through November 19, 2026. Lubin requests thirty additional days, through December 21, 2026. The thirtieth additional day is Saturday, December 19; Rule 9006(a)(1)(C) carries the requested endpoint to Monday, December 21.

ECF No. 12 addressed the initial response to the Complaint and stated that no further extensions would be granted. Lubin complied with that deadline. He respectfully requests that the Court distinguish and permit this request concerning amendment of the already-filed Answer, rather than reopening the initial response period.

## 2. Rule 9006 permits a timely, specific extension request.

Bankruptcy Rule 9006(b)(1)(A) permits the Court, for cause, to extend an applicable period when the request is made before it expires. Rule 7015 is not among the exclusions in Rule 9006(b)(2) or (3). This motion specifically identifies the Rule 15(a)(1)(A) period; it does not rely on a general adjournment.

*First Bank Puerto Rico v. Misite*, No. 18-1512, slip op. at 12-13 (3d Cir. June 12, 2020) (not precedential), explains that preserving the amendment-as-of-course opportunity required a specific extension request under Civil Rule 6(b), which the litigant there failed to make. In this bankruptcy proceeding, Rule 9006 supplies the extension mechanism. Unlike a request made after expiration, this request is made before the identified period ends.

## 3. The requested time serves orderly pleading.

The accompanying certification identifies continuing review of claim ownership, assignments, records, authority to prosecute, and overlap with the Trustee proceeding. These questions require care before any additional counterclaim is asserted in this proceeding. A fixed extension permits that work without withdrawing the existing Answer or changing disclosures, discovery obligations, or the December 3 conference. It does not ask the Court to decide claim ownership or the merits now.

**4. Interim protection and alternative relief.**

D.N.J. LBR 9013-6(a) provides interim extension upon a timely extension motion in a Chapter 11 case, subject to contrary statutes, rules or orders; subsection (b) contemplates the next regular hearing and addresses the time following a denial. Lubin invokes that rule for this adversary proceeding in his Chapter 11 case. Because ECF No. 12 contains a no-further-extensions provision concerning the initial response, he expressly requests clarification that it does not bar this amendment request. If interim protection is not supplied by the local rule, he requests a prompt interim extension before November 19, 2026, pending decision. The separate shortening-time application seeks that clarification, not an adjudication of unidentified claims.

Alternatively, Lubin asks to be allowed through December 21, 2026 to move for leave to amend under Rule 15(a)(2), complying with D.N.J. LBR 7015-1, including a proposed complete pleading and comparison. This alternative does not shorten any later applicable amendment deadline and does not approve an unidentified amended pleading.

**5. Scope of relief.**

The requested order governs pleading timing only. It neither concedes nor adjudicates any disputed assignment, transfer, alter-ego contention or order; confers no authority to represent an entity or prosecute an estate claim; and decides no limitations, compulsory-counterclaim, preclusion, joinder, standing or merits issue. Other orders remain in effect unless modified by the appropriate court. Any eventual counterclaim remains subject to applicable pleading requirements and defenses.

Dated: November 9, 2026

____________________________________

Avrumi Lubin, individually, pro se