**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **Caption in Compliance with D.N.J. LBR 9004-1(b)**<br>Avrumi Lubin, pro se<br>Defendant, individually<br>605 West 42nd Street<br>New York, New York 10036<br>(718) 570-3796<br>josh@tetonfunding.com | Case No.: 26-17342 (EJO)<br>Chapter: 11<br>Adv. Pro. Nos.: 26-01315 (EJO), 26-01339 (EJO) and 26-01435 (EJO)<br>Hearing Date: December 3, 2026, at 10:00 a.m.<br>Judge: Hon. Eamonn J. O'Hagan |
| In re:<br>AVRUMI LUBIN a/k/a Josh Lubin,<br>Debtor. | |
| FVP SERVICING, LLC; FVP OPPORTUNITY FUND III, LP; and FVP INVESTMENTS LLC, *Plaintiffs*,<br>v. AVRUMI LUBIN, *Defendant*. | Adv. Pro. No. 26-01315 (EJO) |
| FRANKLIN CAPITAL GROUP, LLC and FRANKLIN CAPITAL FUNDING, LLC, *Plaintiffs*,<br>v. AVRUMI LUBIN, *Defendant*. | Adv. Pro. No. 26-01339 (EJO) |
| NICOLE TESTA MEHDIPOUR, as Chapter 7 Trustee of Excell Auto Group, Inc., *Plaintiff*,<br>v. AVRUMI LUBIN, *Defendant*. | Adv. Pro. No. 26-01435 (EJO) |

# MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR A FINITE STAY OF MERITS PROCEEDINGS AND COORDINATED PLEADING DATES

## I. The Court may enter a finite case-management stay.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936). "In the exercise of its sound discretion, a court may hold one lawsuit in abeyance to abide the outcome of another which may substantially affect it or be dispositive of the issues." *Bechtel Corp. v. Local 215, Laborers' Int'l Union*, 544 F.2d 1207, 1215 (3d Cir. 1976).

The power has limits. "[T]he suppliant for a stay must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else." *Landis*, 299 U.S. at 255. And a stay "is immoderate and hence unlawful unless so framed in its inception that its force will be spent

within reasonable limits." *Id.* at 257. Neither case makes litigation burden alone enough, and neither requires a stay whenever a defendant has related claims. The requested stay is built to meet those limits: it is short, it ends on a fixed date, and it carries reporting checkpoints and exceptions.

## II. A short, accountable stay is warranted here.

**The connection is concrete.** The request rests on two records, not on disagreement with the plaintiffs. This Court's October 23, 2026 order confirms the Chapter 11 Trustee's "sole authority" over litigation decisions for the Subject Entities. Lubin Cert. ¶ 4; Ex. S-2 at 5. On November 9, Lubin asked the Trustee for a claim-specific decision on who owns potential claims arising from these same transactions and how they will be pursued. Lubin Cert. ¶ 3; Ex. S-1. Those potential claims concern the assignment, agreements, liens and recoveries that appear in the three complaints. Lubin Cert. ¶ 7. Requiring Lubin to plead and litigate the merits before those questions are answered risks inconsistent positions and claims asserted by the wrong person or in the wrong forum. That is the hardship and inequity *Landis* requires.

**Related briefing elsewhere.** The Excell Trustee's Florida post-trial briefing against Lubin, which her complaint here describes, runs through March 1, 2027 on a schedule she requested; Lubin's response brief there is due February 1, 2027. Lubin Cert. ¶ 6; Ex. S-3 ¶ 2. A short pause here, ending February 1, avoids parallel merits work on the same transactions in two courts while that briefing is under way. It does not assume that the Florida proceeding will be decided by then.

**Limited harm to others.** The plaintiffs have a legitimate interest in a prompt decision, and delay can affect evidence. The proposed order answers those concerns: the stay ends on a fixed date, February 1, 2027, about 60 days after the December 3 hearing; preservation, initial disclosures and the scheduled conferences continue; status reports are due December 17 and January 7; and any party may seek modification for an identified prejudice. An individual Chapter 11 debtor ordinarily receives a discharge after completing plan payments, subject to statutory exceptions. 11 U.S.C. § 1141(d)(2), (5). This motion seeks no discharge and no change to any plaintiff's rights under 11 U.S.C. §§ 523 and 727.

**No findings are requested.** Lubin's allegations about the Trustee are not findings. They do not by themselves establish disqualification or give Lubin a right to control estate claims, and the motion does not ask the Court to decide them. If a full pause is more than the Court finds warranted, it can defer only dispositive motions while setting the pleading dates.

## III. The motion asks for explicit dates; it does not assume tolling.

A case-management stay and a pleading extension are different things. Rule 9006(b)(1) permits an extension for cause on a motion made before a period expires, and Rule 15 governs

amendment: once as a matter of course within 21 days after serving a pleading, Fed. R. Civ. P. 15(a)(1), and otherwise with consent or leave, Fed. R. Civ. P. 15(a)(2). A motion for leave in this district must attach the proposed pleading and a redline. D.N.J. LBR 7015-1(a). The proposed order therefore states each date expressly: the Excell response date; the FVP and Franklin amendment date, with an alternative deadline to seek leave; and the status-report dates. It also states how it treats any earlier extension request that remains pending. It does not assume that filing this motion changes any current deadline, and a later order on a specific deadline controls over an inconsistent proposed date.

Permission to amend, claim ownership, standing, entity representation, any permission required from another court, and any stay question in another case must be resolved separately. The stay does not toll any limitation period or guarantee that an omitted claim is preserved. Any particular limitation or forfeiture issue requires timely, claim-specific action; a general reservation is no substitute.

## IV. The relief does not depend on consolidation and does not expand the case.

The same finite schedule can operate in each proceeding even if consolidation is denied or deferred. The motion seeks no damages, no injunction against another court, and no relief in Adv. No. 26-01494. It asks for a practical sequence and a reasonable, fixed period within these three proceedings. The scheduled conferences remain in place unless the Court changes them.

## CONCLUSION

The Court should grant the finite stay and explicit dates in the proposed order, or the narrower alternative, with the preservation exceptions, reporting checkpoints and a firm end date. The order should state how it treats any earlier extension request that remains pending, so that Lubin and the plaintiffs can follow one clear schedule.

---

**Certification regarding generative artificial intelligence.** I used generative artificial-intelligence tools to help prepare this memorandum, including to check its citations and quotations against the original sources. I have read this memorandum before signing it.

Dated: November 11, 2026
Respectfully submitted,

_______________________________

Avrumi Lubin, individually and pro se
605 West 42nd Street, New York, New York 10036
(718) 570-3796 | josh@tetonfunding.com