# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| **Caption in Compliance with D.N.J. LBR 9004-1(b)**<br>Avrumi Lubin, pro se<br>Defendant, individually<br>605 West 42nd Street<br>New York, New York 10036<br>(718) 570-3796<br>josh@tetonfunding.com | Case No.: 26-17342 (EJO)<br>Adv. No.: 26-01315 (EJO), 26-01339 (EJO), 26-01435 (EJO)<br>Hearing Date: December 3, 2026, at 10:00 a.m.<br>Judge: Eamonn J. O'Hagan |
| In Re:<br>AVRUMI LUBIN a/k/a Josh Lubin,<br>Debtor. | |

FVP SERVICING, LLC; FVP OPPORTUNITY FUND III, LP; and FVP INVESTMENTS LLC, *Plaintiffs*, v. AVRUMI LUBIN, *Defendant*. (Adv. No. 26-01315 (EJO))
FRANKLIN CAPITAL GROUP, LLC and FRANKLIN CAPITAL FUNDING, LLC, *Plaintiffs*, v. AVRUMI LUBIN, *Defendant*. (Adv. No. 26-01339 (EJO))
NICOLE TESTA MEHDIPOUR, as Chapter 7 Trustee of Excell Auto Group, Inc., *Plaintiff*, v. AVRUMI LUBIN, *Defendant*. (Adv. No. 26-01435 (EJO))

## ORDER STAYING MERITS PROCEEDINGS THROUGH FEBRUARY 1, 2027 AND SETTING PLEADING DATES

The relief set forth on the following pages, numbered two (2) through three (3), is ORDERED.

Debtor: AVRUMI LUBIN a/k/a Josh Lubin
Case No.: 26-17342 (EJO)
Adv. Pro. No.: 26-01315 (EJO), 26-01339 (EJO), 26-01435 (EJO)
Caption of Order: ORDER STAYING MERITS PROCEEDINGS THROUGH FEBRUARY 1, 2027 AND SETTING PLEADING DATES

THIS MATTER having come before the Court on the motion of Avrumi Lubin (the "Motion") for a finite stay of merits proceedings and coordinated pleading dates in Adversary Proceeding Nos. 26-01315, 26-01339 and 26-01435; the Court having considered the Motion, the supporting papers and any opposition; and good cause appearing, it is hereby ORDERED that:

1. The Motion is GRANTED to the extent set forth in this Order.

2. Whether or not the separate motion to consolidate is granted, merits discovery (other than initial disclosures), dispositive motions and trial in Adversary Proceeding Nos. 26-01315, 26-01339 and 26-01435 are STAYED through February 1, 2027. The stay ends on that date without further order unless the Court extends it on application.

3. During the stay: (a) all parties remain bound by their duties to preserve evidence; (b) initial disclosures under Fed. R. Civ. P. 26(a)(1) proceed in Adv. Nos. 26-01315 and 26-01339 as already required, and in Adv. No. 26-01435 within 14 days after Lubin answers or otherwise responds to the complaint; (c) scheduled pretrial conferences proceed, and any scheduling order shall be consistent with this Order; (d) any party may file applications concerning pleading deadlines, claim ownership, prosecution authority, counsel, permission required from another court, urgent preservation of evidence or assets, or modification of this Order; and (e) any mediation sessions shall begin after the stay ends unless the parties agree otherwise.

4. In Adv. No. 26-01435, Lubin shall answer or otherwise respond to the complaint by **February 1, 2027**.

5. In Adv. Nos. 26-01315 and 26-01339, Lubin's time to amend his answer as a matter of course under Fed. R. Civ. P. 15(a)(1) is extended through **February 1, 2027**, to the extent that time had not expired when he moved to extend it. Alternatively, if amendment as a matter of course is unavailable, February 1, 2027 is the deadline for Lubin to move for leave to amend, with the proposed pleading and redline required by D.N.J. LBR 7015-1(a). This paragraph sets a date; it does not approve any particular amendment.

6. To the extent Lubin's earlier extension requests remain pending—Adv. No. 26-01315, ECF No. 16; Adv. No. 26-01339, ECF No. 15; and his motions to extend his response time in Adv. No. 26-01435—they are resolved only as expressly provided in paragraphs 4 and 5 of this Order.

7. A pleading or motion filed within a period set or extended by this Order shall not be rejected as untimely under the earlier deadline. All other objections are preserved, including objections

based on ownership, standing, jurisdiction, any compulsory-counterclaim consequence not resolved here, limitation periods, prejudice and sufficiency.

8. Lubin shall file and serve concise status reports by December 17, 2026 and January 7, 2027, identifying the Chapter 11 Trustee's response to Lubin's November 9, 2026 request; the claim-ownership and authorization questions that remain; any applications actually filed; and the remaining timetable. The reports shall not disclose privileged communications or describe unfiled claims as authorized.

9. This Order does not stay the Chapter 11 case, Adv. No. 26-01494, or any proceeding in another court.

10. This Order makes no finding on any alleged misconduct, the ownership or merits of any claim, the effect of any Florida or Michigan ruling, or the scope of any assignment. It grants no permission to sue in another forum, no derivative standing, and no right to represent a company without counsel. It does not toll any statute of limitation or repose, appeal deadline or claim bar date, and it does not bind any nonparty concerning an unasserted claim.

11. Any party may seek modification of this Order for an identified prejudice or changed circumstances. No default shall be entered based solely on a failure to meet a deadline that this Order stays or extends, during the period of the stay or extension.