UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| Caption in Compliance with D.N.J. LBR 9004-1(b)<br>Avrumi Lubin, Defendant, pro se<br>Mailing address: 1460 Arboretum Parkway<br>Lakewood, New Jersey 08701<br>Telephone: 732-608-4905<br>Email: josh@tetonfunding.com | Case No.: 26-17342-EJO<br>Chapter 11<br>Adv. Pro. No.: 26-01315-EJO<br>Hon. Eamonn J. O'Hagan |
| In re: AVRUMI LUBIN a/k/a Josh Lubin, Debtor.<br>FVP SERVICING, LLC, FVP OPPORTUNITY FUND III, LP, and FVP INVESTMENTS LLC,<br>Plaintiffs and Counterclaim-Defendants,<br>v.<br>AVRUMI LUBIN,<br>Defendant and Counterclaim-Plaintiff. | |

# DEFENDANT'S FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO THE COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT, WITH COUNTERCLAIM AND OBJECTION TO PROOF OF CLAIM NO. 5

Defendant Avrumi Lubin ("Defendant"), appearing pro se, answers the Complaint of Plaintiffs FVP Servicing, LLC, FVP Opportunity Fund III, LP and FVP Investments LLC (together, "FVP") as follows. Each numbered paragraph below responds to the paragraph of the Complaint with the same number. Any allegation not expressly admitted is denied. This First Amended Answer is served and filed as a matter of course under Fed. R. Civ. P. 15(a)(1)(A), made applicable by Fed. R. Bankr. P. 7015, within 21 days after Defendant served his Answer (ECF No. 14) on October 29, 2026. It replaces that Answer in full. It also states Defendant's counterclaim, which follows the Affirmative Defenses.

## NATURE OF THE ACTION

1. Defendant admits that the Complaint purports to bring an adversary proceeding under Fed. R. Bankr. P. 7001(f) seeking a determination under 11 U.S.C. § 523(a)(2)(A) and § 523(a)(6). Defendant denies that any debt owed to FVP is excepted from discharge. Defendant admits that a jury returned a verdict in FVP's favor on three counts in the Florida action identified in paragraph 6 and that a judgment was entered on that verdict; the verdict form and the judgment speak for themselves, and Defendant denies FVP's characterization of them.

## PARTIES, JURISDICTION, AND VENUE

2. Defendant admits that FVP asserts claims against him as a judgment creditor and is a party in interest in the Chapter 11 case. Defendant disputes the amount of the asserted claim, including the application of credits and recoveries, and denies that any debt is excepted from discharge as alleged.

3. Defendant admits that he is the debtor in the above-captioned Chapter 11 case and that his petition listed 1460 Arboretum Parkway, Lakewood, New Jersey 08701. Defendant currently resides at 605 West 42nd Street, New York, New York 10036. His residence during the 180 days before the petition date is described in his sworn declaration (Main Case Dkt. 87-4).

4. Defendant admits that this Court has jurisdiction under 28 U.S.C. §§ 157 and 1334, that this proceeding is core under 28 U.S.C. § 157(b)(2)(I), and that venue is proper under 28 U.S.C. § 1409. Pursuant to Fed. R. Bankr. P. 7012(b), Defendant consents to the entry of final orders and judgment by the Bankruptcy Court.

5. Defendant admits that the Complaint was filed on July 2, 2026, within the time allowed by Fed. R. Bankr. P. 4007(c). Paragraph 5 also contains a bracketed drafting note ("[Confirm § 341 date and conform.]"), to which no response is required.

## FACTUAL ALLEGATIONS

6. Defendant admits that he and FVP were parties to the action in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, Case No. CACE-22-005125, which has been captioned in more than one way (the "Florida Action"). Defendant denies any remaining allegation of paragraph 6.

7. Defendant admits that FVP's operative pleading in the Florida Action (the Fourth Amended Complaint) asserted, among other claims, a count styled fraudulent misrepresentation against him, and that the jury trial of the claims against him began on September 24, 2025. The pleading speaks for itself. Defendant denies any further characterization.

8. Defendant admits that on October 1, 2025 the jury returned a verdict in FVP's favor on Count I (fraudulent misrepresentation), Count II (conspiracy to commit fraud), and Count IV (tortious interference with business relationship) of the Fourth Amended Complaint, as reflected in the verdict form, which speaks for itself. Defendant denies any characterization beyond the verdict form.

9. To the extent paragraph 9 states a legal conclusion, no response is required. To the extent a response is required, Defendant disputes that the Florida findings necessarily establish every element of the federal discharge exception, while admitting that the Florida verdict includes findings for FVP on fraud and conspiracy. The complete instructions, verdict and judgment govern the issues actually and necessarily decided.

10. Defendant admits that on October 3, 2025 the Florida court entered a Final Judgment on Jury Verdict in favor of FVP and against Defendant stating, as to Count I (fraudulent misrepresentation), a principal amount of $7,500,000.00 plus "wrongful act damages" of $1,341,219.72, for a total of $8,841,219.72; the same amounts as to Count II (conspiracy to commit fraud); a principal amount of $7,500,000.00 as to Count IV (tortious interference with business relationship); and, in paragraph 14, that FVP "may obtain only one recovery in the

total amount of . . . ($8,841,219.72), and there shall be no double recovery." The Final Judgment provides for post-judgment interest under Fla. Stat. § 55.03(3) and otherwise speaks for itself. Defendant disputes the current net amount asserted; he does not treat the petition-date proof of claim as a ceiling on legally allowable later interest: FVP's own proof of claim in this Chapter 11 case (Claim No. 5) asserts $5,971,306.34, and FVP has reported credits against the judgment (Main Case Dkt. 52-1). Defendant states that appellate review has not been exhausted: it is the subject of a pending appeal to the Florida Fourth District Court of Appeal (No. 4D2025-3564) and of a pending motion under Fla. R. Civ. P. 1.540 filed February 16, 2026; this Court has held that the automatic stay applies to Defendant's Florida appeals (Main Case Dkt. 80), and FVP has moved to modify that stay so the appeals may proceed (Main Case Dkt. 33).

11. Denied.

**COUNT I - NON-DISCHARGEABILITY UNDER 11 U.S.C. § 523(a)(2)(A)**

12. Defendant repeats his responses to paragraphs 1 through 11.

13. Paragraph 13 states legal conclusions to which no response is required. To the extent a response is required, Defendant denies that the Judgment Debt is a debt for money or property obtained by false pretenses, a false representation, or actual fraud.

14. Denied. Defendant specifically denies that New Jersey issue-preclusion law governs; the preclusive effect of a Florida judgment is determined under Florida law (28 U.S.C. § 1738). Defendant denies that the verdict and Final Judgment establish each element of 11 U.S.C. § 523(a)(2)(A), including justifiable reliance and the amount of any debt obtained by fraud, and denies that the Florida requirements for collateral estoppel are satisfied.

15. Denied.

**COUNT II - NON-DISCHARGEABILITY UNDER 11 U.S.C. § 523(a)(6)**

16. Defendant repeats his responses to paragraphs 1 through 15.

17. Denied. Defendant disputes that the jury actually and necessarily determined every element of willful and malicious injury required by 11 U.S.C. § 523(a)(6), and refers to the complete verdict and instructions. Paragraph 17 pleads Count II only "[t]o the extent" the alleged fraud caused willful and malicious injury and identifies no such finding.

**RESPONSE TO THE PRAYER FOR RELIEF**

Defendant denies that FVP is entitled to any of the relief requested in the "WHEREFORE" clause of the Complaint, including a determination of non-dischargeability, costs, or attorneys' fees.

## AFFIRMATIVE DEFENSES

Without assuming any burden of proof that the law places on FVP, Defendant asserts the following defenses. Defendant reserves the right to amend or supplement these defenses as discovery, the pending Florida appeal, the pending Rule 1.540 motion, and the post-trial findings in *Mehdipour v. Hi Bar Capital, LLC, et al.*, Adv. No. 23-01132-EPK (Bankr. S.D. Fla.) may warrant.

**First Defense (Florida preclusion law; elements not met).** The preclusive effect of the Florida verdict and judgment is governed by Florida law under 28 U.S.C. § 1738, not by New Jersey law as the Complaint asserts. Under Florida law, collateral estoppel requires, among other things, that the identical issue was actually litigated and was critical and necessary to the judgment. The Florida verdict did not actually and necessarily decide each element of 11 U.S.C. § 523(a)(2)(A) or § 523(a)(6).

**Second Defense (elements of § 523(a)(2)(A) not established by preclusion).** To the extent FVP relies on a false-representation theory under 11 U.S.C. § 523(a)(2)(A), FVP must establish each element, including a false representation made with knowledge of its falsity and intent to deceive, FVP's justifiable reliance on it, and a resulting loss. Defendant disputes that the prior proceedings conclusively establish those elements against him under the applicable issue-preclusion standard; the exact instructions, verdict findings and judgment must be considered together. Among other things, the fraud instruction asked whether "Defendant Avrumi Lubin and/or Hi Bar Capital LLC" made a false statement, knew it was false, and intended that another would rely on it (Jury Instructions, filed Oct. 6, 2025, at 10), and the verdict form did not ask the jury to say which of them did so. On the separate questions concerning Spin Capital, LLC and Hi Bar Capital LLC, the jury answered "NO" when asked whether Defendant "actively participate[d] in the commission of a tort (civil wrong) through personal involvement in the wrongful act that led to [FVP's] injuries or damages." To the extent FVP relies on another person's fraud, Defendant disputes that the complete record establishes every requirement for nondischargeability of that liability; the conspiracy findings and judgment, as well as the separate veil-piercing and active-participation findings, must be considered. Defendant also denies that FVP has established a nondischargeable debt under any other theory of actual fraud. Defendant does not contend that § 523(a)(2)(A) can never reach a debt for another person's fraud. See *Bartenwerfer v. Buckley*, 598 U.S. 69 (2023). He disputes the precise issues necessarily resolved and their application here.

**Third Defense (money or property "obtained by" the alleged fraud; amount).** Section 523(a)(2)(A) excepts from discharge only a debt for money, property, services, or credit "to the extent obtained by" the fraud. FVP must establish that the debt it seeks to except from discharge, including the $1,341,219.72 awarded as "wrongful act damages," interest, and any fees or costs, is a debt within that exception or within another exception FVP invokes, and

must establish the amount actually owed after all credits (see Sixth Defense). The "wrongful act damages" were tied by the jury instructions to the fraud and conspiracy counts (Jury Instructions, filed Oct. 6, 2025, at 16-17); they can be excepted from discharge only if FVP establishes that the underlying liability is excepted as to Defendant. A count for tortious interference with a business relationship is not a count for fraud and does not, by itself, establish a debt for money obtained by false pretenses, a false representation, or actual fraud. This defense does not contend that nondischargeability is limited to funds personally received by Defendant.

**Fourth Defense (no finding of willful and malicious injury).** Section 523(a)(6) requires "a deliberate or intentional injury, not merely a deliberate or intentional act that leads to injury." *Kawaauhau v. Geiger*, 523 U.S. 57, 61 (1998). The verdict form did not ask the jury to decide whether Defendant intended to injure FVP or acted with substantial certainty that injury would result. The tortious-interference instruction allowed a verdict against a defendant who either intended to cause the breach or termination of a relationship "or acted knowing that [his] . . . actions were likely to cause that result" (Jury Instructions, filed Oct. 6, 2025, at 13); a finding that injury was likely is not a finding of intent to injure. Defendant contends that the alternative grounds permitted by the instructions do not establish that the jury necessarily found every element of § 523(a)(6). Defendant therefore disputes that the issues actually and necessarily resolved by the verdicts on fraudulent misrepresentation, conspiracy to commit fraud and tortious interference establish each requirement of a willful and malicious injury under § 523(a)(6), and FVP must establish that identity of issues from the complete record or prove any element the verdict did not resolve. Defendant disputes that collateral estoppel establishes Count II and denies that count on the merits.

**Fifth Defense (judgment under appellate review).** The Final Judgment is the subject of a pending appeal (Fla. 4th DCA No. 4D2025-3564) and a pending motion under Fla. R. Civ. P. 1.540 filed February 16, 2026. This Court has held that the automatic stay applies to Defendant's Florida appeals (Main Case Dkt. 80), and FVP itself has moved to modify that stay so the appeals may proceed (Main Case Dkt. 33). If the judgment is reversed or vacated, it can no longer support Counts I and II. Defendant intends to ask the Court, by a separate request or at the pretrial conference, to hold this proceeding in abeyance, or to phase discovery and dispositive motions, pending the Florida appellate decision, with periodic status reports. This defense does not by itself stay this proceeding. Defendant reserves his rights under Fed. R. Civ. P. 60(b)(5), made applicable by Fed. R. Bankr. P. 9024. Any abeyance requires a separate court determination.

**Sixth Defense (payment, satisfaction, setoff, recoupment and credit; one recovery).** The Final Judgment itself provides (¶ 14) that FVP "may obtain only one recovery in the total amount of . . . ($8,841,219.72), and there shall be no double recovery." Any amount

determined to be nondischargeable must be reduced by all amounts FVP has received, recovered, or set off on account of the same loss, including the credits FVP itself has reported in this Chapter 11 case (Main Case Dkt. 52-1), funds disbursed to FVP or its counsel from court registries or bankruptcy estates, any legally required credit for collateral or vehicles received by FVP or anyone acting for it, and recoveries from co-defendants. FVP's own proof of claim in this Chapter 11 case (Claim No. 5) asserts $5,971,306.34, not $8.84 million. No credit may be counted twice. The facts stated in paragraphs C-6 through C-19 of the Counterclaim below are part of this defense. Defendant requests only credits legally attributable to the same injury, with no duplicate credit.

**Seventh Defense (estoppel and waiver).** FVP is barred, in whole or in part, by equitable estoppel and waiver, and by judicial estoppel to the extent FVP takes positions in this proceeding that are clearly inconsistent with positions it successfully asserted in the Florida Action or in the Excell Auto Group and Auto Wholesale of Boca bankruptcy proceedings concerning the same transactions, the Hi Bar Capital, LLC security interest, or the relationship among Defendant, Spin Capital, LLC and Hi Bar Capital, LLC. Defendant will identify the specific positions as FVP asserts them in this proceeding and through discovery.

**Eighth Defense (attorneys' fees and costs).** Defendant denies that FVP has established an applicable contractual, statutory or other legal basis for an additional award of attorneys' fees in this proceeding. Any request must identify its basis and satisfy its requirements, and Defendant disputes both entitlement and amount.

**Ninth Defense (reservation; ownership and authority).** Defendant appears for himself, not as counsel for any company or for the bankruptcy estate. He asserts his personal defenses and seeks the determinations in Count I of the Counterclaim. He does not assert in this pleading a claim under 11 U.S.C. § 362(k) (see paragraph C-26). Ownership of, and authority to prosecute, such a claim after appointment of the Chapter 11 Trustee may require determination under §§ 323, 541 and 1115 and Rule 17. Defendant does not claim that harm described as personal is necessarily excluded from an individual Chapter 11 estate. He reserves the right to request an ownership determination, court-authorized derivative prosecution or other appropriate relief, without assuming that it has been granted. Company claims remain distinct from estate claims and individual defenses. Rule 13(a) reaches claims the pleader has; this reservation is not itself an order preventing waiver, preclusion or expiration of a limitations period.

**Tenth Defense (Defendant's personal defenses).** Defendant appears solely for himself. Defendant disputes that the May 15, 2026 order of the Florida court imposing charging orders, that court's August 14, 2025 order, or any settlement or assignment among FVP, Franklin Capital Group, LLC, Franklin Capital Funding, LLC and Hi Bar Capital, LLC transferred to FVP his right to appear individually and to assert legally available defenses to the claims

pleaded against him here, and he denies that any charging order transferred to FVP the assets or claims of any company. He reserves properly presented challenges to the scope and effect of those orders and instruments, and nothing in this defense suspends or excuses compliance with any operative order. This is not an assertion that he may disregard binding orders or preclusion rules, represent an entity, or prosecute a claim that belongs to another.

**Eleventh Defense (issue preclusion - veil-piercing and active-participation findings).** FVP asked the Florida jury to hold Defendant personally responsible for the acts of Spin Capital, LLC and of Hi Bar Capital LLC by piercing the corporate veil and under the doctrine of active participation. As to each company, the jury answered "NO" to whether the corporate form was "formed or used for a fraudulent or improper purpose," and "NO" to whether Defendant "actively participate[d] in the commission of a tort (civil wrong) through personal involvement in the wrongful act that led to [FVP's] injuries or damages" (FVP Verdict Form, filed Oct. 6, 2025, at 7-10). Under the verdict form's own terms, a "NO" answer to any of questions 1 through 4 and to question 5 meant that Defendant "is not liable" under those theories. Defendant invokes issue preclusion, to the extent applicable under Florida law, as to those determinations, and denies that FVP may hold him responsible in this proceeding for the conduct or debts of Spin Capital, LLC or Hi Bar Capital LLC on those theories. Defendant does not contend that these answers set aside the verdict on the counts on which the Final Judgment was entered. He disputes any attempt to treat the verdict as a blanket finding that merges him with any company or transfers company property. The exact issues, time periods and legal effect remain subject to the complete record and applicable preclusion law.

## COUNTERCLAIM AND OBJECTION TO PROOF OF CLAIM NO. 5

Defendant Avrumi Lubin, for himself only, states this counterclaim against Plaintiffs FVP Servicing, LLC, FVP Opportunity Fund III, LP and FVP Investments LLC (together, "FVP") under Fed. R. Civ. P. 13, made applicable by Fed. R. Bankr. P. 7013. Count I includes his objection to FVP's Proof of Claim No. 5. Fed. R. Bankr. P. 3007(b) and D.N.J. LBR 3007-1(a) allow a claim objection to be made in an adversary proceeding. Counterclaim paragraphs are numbered C-1 and up so that they are not confused with the numbered paragraphs of the Answer.

### Scope, jurisdiction and parties

C-1. Count I seeks determination of the allowed proof of claim and the amount of any debt held nondischargeable against Defendant. No claim under 11 U.S.C. § 362(k) is asserted in this pleading (see paragraph C-26). Defendant does not treat his former debtor-in-possession status as continuing after appointment of the Chapter 11 Trustee.

C-2. Defendant appears in his individual capacity. He does not purport to act as counsel for the estate or any company, invalidate the Florida judgments, or suspend an operative order. No

affirmative company claim is asserted.

C-3. The Court has jurisdiction under 28 U.S.C. §§ 157 and 1334. This counterclaim arises under title 11 and is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B), (I) and (O). Venue is proper under 28 U.S.C. § 1409(a). As Fed. R. Bankr. P. 7008 requires, Defendant states that he consents to the entry of final orders and judgment by the Bankruptcy Court on this counterclaim.

C-4. Defendant is the debtor in Case No. 26-17342-EJO, filed on June 25, 2026 (the "Petition Date"). He was a debtor in possession until a Chapter 11 trustee was appointed. The Court ordered the appointment of a trustee on September 17, 2026 (Main Case ECF No. 101) and approved the appointment of Benjamin A. Stanziale, Jr. on September 28, 2026 (Main Case ECF No. 124).

C-5. FVP are the plaintiffs in this adversary proceeding. On July 16, 2026 they filed Proof of Claim No. 5 in the amount of $5,971,306.34, described on the claims register as "Fraud Judgment after jury trial."

**Facts for Count I: the amount of the debt**

C-6. On October 3, 2025 the Florida court entered its Final Judgment on Jury Verdict for FVP against Defendant (Filing # 232940104) in the total amount of $8,841,219.72. That total is $7,500,000.00 plus $1,341,219.72 described as "wrongful act damages." Paragraph 14 provides that FVP "may obtain only one recovery in the total amount of . . . ($8,841,219.72), and there shall be no double recovery." Defendant has appealed.

C-7. Since then FVP has stated the amount of this debt in three different ways:

(a) In its Complaint in this adversary proceeding (July 2, 2026), FVP alleges that "with statutory interest and costs the judgment debt exceeds $8.84 million" (¶ 10), and it asks that "the Judgment Debt, including all interest, costs, fees, and punitive amounts," be held nondischargeable (Prayer ¶ (a)).

(b) In Proof of Claim No. 5 (July 16, 2026), FVP claims $5,971,306.34.

(c) In an affirmation filed in the Supreme Court of the State of New York on September 14, 2026, FVP's counsel stated that FVP holds a judgment "in the amount of $8,841,219.72" and that "No part of the Final Judgment has been paid." (Affirmation of Alan I. Karten, Esq. ¶ 3, NYSCEF Doc. No. 1497, Teton Life LLC v. Golden Foothill Insurance Services, LLC, Index No. 650582/2022 (Sup. Ct. N.Y. Cnty.) (the "New York action").) That affirmation does not mention any credit.

C-8. FVP's sworn accounting in this Court is different. In a declaration filed on July 22, 2026 (Main Case ECF No. 52-1), FVP's counsel, Alan I. Karten, Esq., states that he has "been responsible for prosecuting the collection and enforcement of FVP's Final Judgments against

the Debtor" (¶ 1). He declares: "To date, FVP has received recovery and settlement payments in the aggregate amount of $3,209,311.15 (the "Judgment Credits")" (¶ 3), and "The total remaining principal due is $5,631,908.57, plus post-judgment interest accruing from October 3, 2025" (¶ 5).

C-9. Exhibit A to that declaration lists ten payments by approximate date and amount. Eight of the ten, totaling $2,584,311.15, are dated on or about September 1, 2025 or earlier. The trial began on September 24, 2025. The Final Judgment was entered on October 3, 2025 for the full $8,841,219.72, and it shows no setoff for those payments. The declaration states that FVP reported the credits in a "Notice of Setoff and Updated Net Balance" filed on December 16, 2025 (Filing No. 237809034) (¶ 6).

C-10. ECF No. 52-1 contains an aggregate credit accounting but does not publicly identify the payors or the supporting payment records. Defendant requests the information necessary to reconcile legally applicable credits through protected discovery. No confidential agreement terms are reproduced in this pleading.

C-11. ECF No. 52-1 reserves future accounting adjustments and addresses amounts stated in earlier enforcement papers. A difference among a gross judgment, a petition-date proof of claim, and a later balance can result from credits, interest or different dates. Defendant asks for that reconciliation rather than treating every numerical difference as wrongdoing.

C-12. The Florida court entered an Order on Joint Motion to Endorse Settlement on August 14, 2025 (Filing No. 229455396). The Auto Wholesale of Boca bankruptcy court subsequently entered a disbursement order, ECF No. 965, on August 27, 2025, in Case No. 22-15627-EPK. Defendant identifies those public dispositions as potential sources for the credit reconciliation, without reproducing agreement terms.

C-13. The August 14 Order contains findings adverse to Defendant concerning standing and rights in the proceeds. Defendant has challenged the order on appeal, but it remains operative. This Count does not seek its vacatur or recovery of its proceeds for Defendant; it seeks only legally required credits against the debt asserted here.

C-14. Defendant objected to the proposed August 14 Order and sought clarification. Relevant proceedings occurred on August 13, September 3 and September 10, 2025. The court denied clarification, and the written order was not changed. No affirmative claim against the drafting lawyers is asserted in this pleading.

C-15. The August 27, 2025 bankruptcy disbursement order identifies an authorized payment. Defendant requests records establishing actual receipt, subsequent disposition and the treatment of any legally applicable credit.

C-16. Defendant seeks records supporting the reconciliation through appropriate discovery and confidentiality protections. He does not seek public disclosure of agreement terms or

adjudication of an estate-owned or company-owned affirmative claim through Count I.

C-17. The existing aggregate accounting and public disbursement order must be reconciled before any additional credit is found. An amount already included in ECF No. 52-1 may not be credited a second time.

C-18. On information and belief, FVP or persons acting for it have also received vehicles, other collateral, or their proceeds on account of the same loss. Defendant cannot tell from what FVP has filed whether every such receipt is included in the $3,209,311.15, or at what value.

C-19. FVP asks this Court to hold the entire judgment debt nondischargeable. Any amount the Court holds nondischargeable would remain Defendant's personal obligation after this case ends. Defendant therefore has a direct, personal interest in the correct amount, and he is a party in interest who may object to the claim. 11 U.S.C. §§ 502(a), 1109(b).

**COUNT I**
**OBJECTION TO PROOF OF CLAIM NO. 5; DETERMINATION OF THE ALLOWED CLAIM AND ANY NONDISCHARGEABLE BALANCE**
**(11 U.S.C. § 502(b)(1)-(2); Fed. R. Bankr. P. 3007(b) and 7001)**

C-20. Defendant repeats paragraphs C-1 through C-19.

C-21. Defendant objects under 11 U.S.C. § 502(b)(1) and (2) to Proof of Claim No. 5-1 to the extent it includes an unenforceable amount or unmatured interest. The allowed claim is determined as of June 25, 2026, with legally required credits.

C-22. An actual controversy exists concerning the reconciliation of the gross judgment, ECF No. 52-1, Claim No. 5-1 and the New York affirmation. The $339,397.77 difference between the proof of claim and the remaining principal stated in ECF No. 52-1 may reflect interest or a date difference; Defendant does not characterize that difference alone as an overcharge.

C-23. The judgment permits only one recovery of its principal award. Defendant invokes Fla. Stat. §§ 46.015(2) and 768.041(2) only insofar as their requirements are met for legally attributable satisfaction of the same damages. No duplicate credit is requested.

C-24. Defendant accepts FVP's sworn statement that at least $3,209,311.15 has been received and that it reduces the $7,500,000.00 part of the Final Judgment, and he asks that FVP be held to that statement. He does not accept that $3,209,311.15 is all that FVP has received.

C-25. Defendant requests determination of the allowed petition-date claim and any nondischargeable balance after appropriate discovery, notice and hearing. He seeks a reconciliation ancillary to those determinations, not a freestanding equitable-accounting claim. He requests:

(a) appropriate discovery or case-management directions for a dated reconciliation of principal, interest and legally applicable receipts and credits, with supporting records produced under appropriate confidentiality protections;

(b) allowance of Claim No. 5-1 only to the extent enforceable and allowable as of the Petition Date;

(c) a separate determination of any nondischargeable balance, including legally allowable interest, with neither duplicate recovery nor duplicate credits; and

(d) an appropriate claim-objection notice, response and hearing schedule. This pleading does not notice a merits hearing for December 3, 2026 or request a shortening of Rule 3007's applicable notice requirements.

**Claims not asserted; request for an express reservation**

C-26. Defendant does not assert in this pleading a claim under 11 U.S.C. § 362(k) arising from FVP's July 12, 2026 letter (NYSCEF Doc. No. 1495) or its September 14, 2026 application in the New York action (Motion Seq. No. 053). Ownership of, and authority to pursue, any such claim after the appointment of the Chapter 11 Trustee may depend on 11 U.S.C. §§ 323, 541 and 1115. Defendant intends to raise any such claim, if at all, only after the Trustee has had an opportunity to state his position, by an appropriate request in the main case or with leave of Court. By leaving it out of this pleading, Defendant does not release or waive it and does not concede who owns it.

C-27. Defendant's schedules identify potential claims against judgment creditors (Main Case ECF No. 48, Schedule A/B). Any claim that belongs to the estate or to a company must be asserted by a person with lawful authority, and a company must act through counsel. Defendant does not concede ownership of any disputed claim, release another owner's claim, or assume permission to pursue it. He reserves the right to request a specific ownership determination, authorization or other relief supported by evidence. No claim against a nonparty lawyer is commenced by this reservation.

C-28. Defendant requests that any judgment expressly preserve, to the extent lawfully appropriate, claims not adjudicated here that belong to another owner, or that Defendant later lawfully acquires, including by abandonment under 11 U.S.C. § 554 or by order of the Court. Defendant seeks appropriate directions if a threshold ownership or authority question requires resolution before a claim can be asserted.

## STATEMENT REGARDING CONSENT

Pursuant to Fed. R. Bankr. P. 7008 and 7012(b), Defendant consents to the entry of final orders and judgment by the Bankruptcy Court in this adversary proceeding, including on the counterclaim.

## PRAYER FOR RELIEF

WHEREFORE, Defendant respectfully requests that the Court (a) enter judgment in his favor on Counts I and II of the Complaint, determining that the debt is not excepted from discharge under 11 U.S.C. § 523(a)(2)(A) or § 523(a)(6); (b) deny FVP's request for costs and attorneys' fees; (c) enter judgment for Defendant on the Counterclaim, as requested in paragraph C-25; (d) include in its judgment the express reservation requested in paragraph C-28; and (e) grant such other relief as is just.

Preparation disclosure: I used generative artificial-intelligence assistance. I have reviewed this pleading before signing it and understand that I remain responsible for its factual and legal content.

Dated: November 17, 2026

______________________________

Avrumi Lubin, individually, pro se
Mailing address: 1460 Arboretum Parkway, Lakewood, New Jersey 08701
732-608-4905 | josh@tetonfunding.com